# NO. 12-09-00232-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES WILLIAMS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

James Williams appeals his conviction for injury to a disabled individual. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

## BACKGROUND

Appellant was charged by indictment with the offense of injury to a disabled individual, a third degree felony.[1] Appellant pleaded guilty to the offense charged in the indictment. Appellant and his counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, and a stipulation of evidence judicially confessing to the offense alleged in the indictment. The trial court accepted Appellant's plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for seven

---

[1] *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (Vernon Supp. 2009).

years.[2]  The trial court also ordered that Appellant pay a fine in the amount of $500.00, court costs, and restitution.

The State filed an application to proceed to final adjudication, alleging that Appellant had violated the terms of his community supervision. Appellant and his attorney signed a written plea admonishment and stipulation of evidence, admitting as "true" all eight paragraphs of the allegations in the State's application. At the hearing on the application, Appellant again pleaded "true" to the allegations contained in the State's application. After a hearing, the trial court found that the State proved the allegations in its application, granted the State's application, revoked Appellant's community supervision, and adjudged Appellant guilty as charged as alleged in the indictment.  The trial court assessed Appellant's punishment at seven years of imprisonment, a fine of $450.00, court costs, and restitution.[3]  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[4]  We have reviewed the record for reversible error and have found none.

### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*,

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009).

[3] An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years and, in addition, a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.34 (Vernon 2003).

[4] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief.  Appellant was given time to file his own brief, but the time for filing  such a brief has expired and we have received no pro se brief.

252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby **granted**. *See **In re Schulman***, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

We ***dismiss*** Appellant's appeal.

Opinion delivered May 28, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3